[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court finds the following facts: The plaintiff, whose maiden name was Rosa Kvasznyik, and the defendant were married December 15, 1972 at Southbridge, Massachusetts.
One of the parties has resided in the State of Connecticut for at least twelve months next preceding the date of filing of this action.
Neither party is receiving aid from the State of Connecticut or any municipal subdivision thereof.
Two minor children have been born to the plaintiff during this marriage, namely: Christopher Lusignan born June 5, 1977 and Michael Lusignan born July 9, 1979.
The marriage of the parties has broken down irretrievably.
The court hereby dissolves the marriage of the parties.
Alimony is waived by both parties after proper examination by both attorneys.
Custody of the two minor children is joint, with physical custody to the mother. Visitation shall be reasonable and flexible. The holidays shall be divided between the parties and CT Page 9140 shall alternate each year. The defendant may have physical custody for two weeks during the children's summer vacation on dates mutually agreed upon between both parties.
The husband shall pay to the wife as support the amount of $200 weekly for the benefit of the two minor children.
The court allows the plaintiff to remain in the residence of the family home until the youngest child attains the age of eighteen. However, the plaintiff shall be responsible for all taxes, mortgage payments and insurance. Minor repairs under $300 shall be the responsibility of the plaintiff. Any bills incurred beyond $300 for repairs shall be submitted to the defendant for his approval and will be divided equally. In the event of the defendant's disapproval, said claim shall be submitted to this court for final determination.
When the youngest child attains 18 years of age, the marital property located at 1054 Willard Road, Orange, Connecticut shall be sold and the parties shall divide the net proceeds on the basis of 65 percent to the plaintiff and 35 percent to the defendant. Taxes, balance of mortgage, real estate commissions, attorney's fees and other adjustments necessary for the sale of said property shall be deducted at the time of the sale.
The plaintiff-wife shall retain ownership in her vehicle. The defendant-husband shall retain ownership in his vehicle.
The defendant-husband shall maintain medical insurance for the benefit of the two minor children until such time as they reach 18 years old. In the event that the children attend college and can be covered by the defendant-husband's medical insurance, the defendant is ordered to maintain their insurance during that interval. Any unreimbursed medical and dental bills shall be shared equally between the parties.
Life insurance in the amount of $25,000 shall be secured by the defendant-husband for the benefit of the minor children, and they shall be named as irrevocable beneficiaries until each child reaches 21 years old.
Each party shall retain sole ownership of their respective pension plans.
Each party shall be solely responsible for the debts listed CT Page 9141 on their financial affidavits.
The reason for the disparity of the division of the property for the plaintiff's benefit is to compensate her for any outstanding claims against any monies, stocks or bonds the defendant might have accrued during the marriage. Further, the wife shall forego any benefit from the interest in the home located in Massachusetts and in the husband's name.
No attorney's fees were claimed at the time of trial and each party is responsible for their own attorney's fees.
All furniture presently located in the family home shall be the property of the plaintiff. Any property removed from the home prior to this action shall be retained by the defendant, including his gun collection.
BY THE COURT,
Philip E. Mancini, Jr. State Trial Referee